# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CLAUDIO VICENZO SORRENTINO, | |
| Plaintiff, | CIVIL ACTION NO. 3:25-cv-01021 |
| v. | |
| VJDJ FRISCO PROPERTY LP DBA THE BAYS – GOLF LAB & SUITES, TAYLOR MADE GOLF COMPANY, INC., MEZAS CAPITAL GROUP, LLC and MOSS & ASSOCIATES, LLC, BUSH ARCHITECTS, LLC, TEXAS SPARKS CONSTRUCTIONS LLC and CLAY MOORE ENGINEERING INC, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT
### (Injunctive Relief Demanded)

## TABLE OF CONTENTS

THE PARTIES ................................................................................................................................ 3

JURISDICTION AND VENUE ..................................................................................................... 4

PLAINTIFF'S PATENT ................................................................................................................. 6

DEFENDANTS' INFRINGEMENT ............................................................................................... 8

COUNT I - DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,801,224 ............................. 10

COUNT II - INDIRECT INFRINGEMENT OF U.S. PATENT NO. 10,801,224 ........................ 11

PRAYER FOR RELIEF ................................................................................................................ 12

JURY DEMAND .......................................................................................................................... 13

Plaintiff CLAUDIO VICENZO SORRENTINO, ("Sorrentino"), by and through undersigned counsel, for his Complaint for patent infringement against Defendants VJDJ FRISCO PROPERTY LP DBA THE BAYS – GOLF LAB & SUITES, TAYLOR MADE GOLF COMPANY, INC., MEZAS CAPITAL GROUP, LLC, MOSS & ASSOCIATES, LLC, BUSH ARCHITECTS, LLC, TEXAS SPARKS CONSTRUCTIONS LLC and CLAYMOORE ENGINEERING INC. alleges as follows:

## THE PARTIES

1. Plaintiff CLAUDIO VICENZO SORRENTINO ("Sorrentino") is the CEO and the founder of GolfBalcony that focuses on integrating a golf-hitting area with a hotel/resort/condo suite with its principal place of business in Boca Raton, Florida.

2. Sorrentino's technological development has led to the issuance of patents, including the one described below for its accommodations providing access to a golf driving range from a guest's private room and the methods of entertainment for guests in the accommodations.

3. Defendant VJDJ FRISCO PROPERTY LP DBA THE BAYS – GOLF LAB & SUITES ("The Bays") is a Texas limited partnership with a regular and established business at 1701 Legacy Drive, Suite 2000, Frisco, Texas 75034.

4. Defendant TAYLOR MADE GOLF COMPANY, INC. ("Taylor Made") is a Delaware corporation registered to do business in the State of Texas, with a regular and established business at 5545 Fermi Court, Carlsbad, California, 92008.

5. Defendant MEZAS CAPITAL GROUP LLC ("Mezas") is a Texas limited liability company and has a regular and established business at 7250 Dallas Parkway, Suite 800, Plano, Texas 75024.

6. Defendant MOSS & ASSOCIATES, LLC ("Moss") is a Florida Limited Liability Company registered to do business in the State of Texas, with a regular and established business at 2101 N. Andrews Avenue, Suite 300, Fort Lauderdale, FL 33311.

7. Defendant BUSH ARCHITECTS, LLC ("Bush Architects") is a Texas limited liability company and has a regular and established business at 1800 Valley View Lane, Suite 300, Farmers Branch, Texas 75234.

8. Defendant TEXAS SPARKS CONSTRUCTIONS, LLC ("TX Sparks") is a Texas limited liability company and has a regular and established business at 2701 Dallas Parkway, #145, Plano, Texas 75093.

9. Defendant CLAYMOORE ENGINEERING INC ("Claymoore") is a Texas corporation and has a regular and established business at 1903 Central Drive, Suite 406, Bedford, Texas 76021.

10. The Defendants partnered with each other to launch a premium golf hotel called "The Bays Golf Experience and Suites," which is published at a website https://tmbays.com/ (last accessed on April 24, 2025). A copy of the website is attached hereto as **Exhibit 1**.

## JURISDICTION AND VENUE

11. This is a civil action for infringement under the patent laws of the United States, 35 U.S.C. § 1 *et. seq*.

12. This Court has subject matter jurisdiction over Sorrentino's claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Defendants are subject to this Court's specific and general personal jurisdiction under due process because of Defendants' substantial business in this District, in the State of Texas, and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of

conduct, or deriving substantial revenue from goods and services provided to individuals in this state, in this District, and in the United States.

14. Specifically, Defendants intend to do and do business in, have committed acts of infringement in, and continue to commit acts of infringement in this District, in the State of Texas, and in the United States, directly, through intermediaries, by contributing to and through the inducement of third parties, and offer and send their products and services, including those accused of infringement here, to customers and potential customers located in this state, including in this District, and in the United States.

15. Defendants have purposefully directed infringing activities at residents in the State of Texas, and this litigation results from those infringing activities. Defendants are building their premium golf hotel "The Bays Golf Experience and Suites" within this District. Defendants are subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to their substantial and pervasive business in this state and District, including their infringing activities alleged herein, from which Defendants derive substantial revenue from services and goods sold to Texas residents and consumers.

16. Defendants offer products and services and conduct business in this District as described below.

17. Defendants commit acts of infringement in this District, including but not limited to the use of the patented method and product "The Bays Golf Experience and Suites" and inducement of third parties to practice developing and building "The Bays Golf Experience and Suites" in an infringing manner.

18. Venue is proper as to Defendants The Bays, Mezas, Bush Architects, TX Sparks and Claymoore in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants

committed acts of infringement in this district and maintain a regular and established place of business in this District.

19.     Venue is proper as to Defendants Taylor Made and Moss in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because Taylor Made and Moss committed acts of infringement in this district and maintain a regular and established place of business in this district. Although Taylor Made and Moss do not maintain a physical office within the District, it maintains a substantial and continuous presence through its employees, agents, or representatives who reside and conduct business in the district; operates interactive websites and platforms directed at residents of this district; and regularly markets and sells its services to customers here by developing the accused product located in this District. These activities, taken together, constitute a regular and established place of business sufficient to satisfy the venue requirements under applicable precedent.

## PLAINTIFF'S PATENT

20.     Sorrentino is the owner of all substantial rights and title in and to U.S. Patent No. 10,801,224, which was issued on October 13, 2020, entitled "Hotel with a golfing facility and methods of operating the same" (hereinafter, the "'224 Patent"). A true and correct copy of the '224 Patent is attached hereto as **Exhibit 2**.

21.     The '224 Patent highlighted certain problems faced in faced in multi-unit accommodations, that is: (1) providing convenient access to specialized amenities, such as golfing facilities, and (2) ensuring nearly-continuous access to these amenities to satisfy the preferences of guests who wish to maximize their use of such facilities.

22.     The '224 Patent relates to accommodations providing access to a golf driving range from a guest's private room.

23.     The '224 Patent discloses a new, novel, and non-obvious accommodation for providing access to a golf driving range from a guest's private room and a new, novel, and non-obvious method of entertainment for guests of a hotel comprising multiple units. An embodiment of an exemplary accommodations and entertainment complex disclosed is shown in Figure 1 below:



24.     Since the issuance of the '224 Patent, the concept in the patent has garnered much attention and excitement in the golf community. It has been published and featured in various outlets, including Instagram, TikTok, X (formerly known as Twitter), Facebook, and GolfBalcony's website, https://golfbalcony.com/. Specifically, Golf Balcony's Instagram page has acquired 13.9K followers, with some posts reaching over 450,000 people. When re-shared on TikTok, the concept went viral and reached over 280,000 views.

## DEFENDANTS' INFRINGEMENT

25. On information and belief, Defendants are in partnership with each other to build the premium golf hotel called "The Bays Golf Experience and Suites" located at the PGA Headquarters in Frisco, Texas (hereinafter, referred to as "The Bays Hotel").

26. Defendants engaged in direct patent infringement of the '224 Patent by developing and building The Bays Hotel.

27. The Bays' website advertises that The Bays Hotel is coming in the Spring of 2025. The website boasts "With breathtaking views of PGA Frisco and spacious hitting bays on every balcony, The Bays provides avid golfers and novices with an unmatched opportunity to play like the pros. Designed to generate immersive, luxurious, and authentic golf experiences for all ages and levels, this landmark venue is the perfect addition to Sports City USA, a future crown jewel on the head of North Texas, and a must-see destination for golfers worldwide."

28. The project details for "The Bays" submitted to the Texas Department of Licensing and Regulation shows that the start date of construction of May 24, 2024, a completion date of October 31, 2025 and an estimated cost of at least $35,000,000. A copy of the Project Details Page is attached hereto as **Exhibit 3**.

29. In a press release article concerning the launch of the Bays articulating that "The Bays will feature a boutique, 19-key hotel on the third and fourth floors with suites, each with its own private hitting bay, and one- and two-bedroom rooms. Executive suites will be available for corporate events or office retreats." (See https://dallasinnovates.com/luxury-golf-resort-breaks-ground-near-pga-frisco-guests-can-hit-from-their-hotel-rooms/ (last accessed April 24, 2025)). A copy of the article is attached hereto as **Exhibit 4**.

30. In that same article, a photograph depicting a PR event by The Bays showing "Representatives from The Bays at Frisco, City of Frisco and TaylorMade celebrate breaking

ground on The Bays. Pictured (L-R): Sam Bruce, partner with The Bays; Jeff Cheney, Mayor of Frisco, Texas; John Ellis, partner with The Bays; James Meese, founder of The Bays; J.R. Smith, two-time NBA champion and partner with The Bays; Steve Hendren, VP and GM of TaylorMade; Imran Memon, partner with The Bays."

31. The hotel practices all the elements of at least one claim of the '224 Patent. An example of the accused product and method by Defendants is shown below:





32. The accused product is an 18-acre accommodation with guest units, each featuring private hitting bays on their balconies with a view of a golf course. A copy of the architectural plan of the accused product is attached hereto as **Exhibit 5**.

33. The accused method involves providing a balcony accessible only through the guest unit, a golf area from the guest unit, and a barrier separating the open air location from a room in the respective guest unit.

34. Defendants' accused product and method infringes Claims 1 and 20 of the '224 Patent.

35. Defendants The Bays and Taylor Made had actual knowledge of the existence of the '224 Patent and of Plaintiff's claim of infringement herein since at least August 16, 2023. On November 27, 2024, Plaintiff through counsel sent a second formal demand letter to The Bays, Mezas and Taylor Made. Defendant The Bays, Mezas, and Taylor Made chose not to respond to Plaintiff and instead, continued to willfully infringe Plaintiff's patent rights as it does today.

36. Defendants' unauthorized, infringing use of Sorrentino's patent threatens the value of Sorrentino's intellectual property because Defendants' conduct results in Sorrentino's loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and/or importing the patented inventions.

37. Defendants' disregard for Sorrentino's property rights similarly threatens Sorrentino's relationships with potential licensees of the '224 Patent.

38. Defendants will derive a competitive advantage from using Sorrentino's patented invention and method without paying compensation for such use.

39. Unless and until Defendants' continued acts of infringement are enjoined, Sorrentino will suffer further irreparable harm for which there is no adequate remedy at law.

**COUNT I - DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,801,224**

40. Sorrentino repeats, realleges, and incorporates paragraphs 1 through 38 as though fully set forth herein.

41. Within the six years preceding the filing of this Complaint, Defendants have directly infringed at least one claim of the '224 Patent, violating 35 U.S.C. § 271(a).

42. Without limiting the foregoing, Defendants have infringed at least Claims 1 and 20 of the '224 Patent.

43. Defendants' act of making, using, importing, selling, and/or offering for sale infringing product and method has been without the license, permission, or authorization from Sorrentino.

44. Defendants' infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendants' product and method, including its premium golf hotel, which incorporates Sorrentino's patent.

45. Defendants' infringement has injured and continues to injure Sorrentino in an amount to be proven at trial, but not less than a reasonable royalty.

**COUNT II - INDIRECT INFRINGEMENT OF U.S. PATENT NO. 10,801,224**

46. Sorrentino repeats, realleges, and incorporates paragraphs 1 through 38 as though fully set forth herein.

47. With knowledge of the '224 Patent, Defendants have been and are presently indirectly infringing one or more claims of the '224 Patent by actively and knowingly inducing others to build and develop The Bays Hotel that embodies or uses the invention and method claimed in the '224 Patent in violation of 35 U.S.C. § 271(b). On information and belief, such inducements include without limitation, with specific intent to encourage the infringement knowingly inducing its investors, partners, builders, engineers, employees to use the patented product and method that Defendants know or should know infringe one or more claims of the '224 Patent.

48. Defendants have induced others to infringe at least Claims 1 and 20 of the '224 Patent.

49. Defendants' infringement has been, and continues to be knowing, intentional, and willful.

50. Defendants' infringement has injured and continues to injure Sorrentino in an amount to be proven at trial, but not less than a reasonable royalty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CLAUDIO VICENZO SORRENTINO demands judgment and relief against Defendants VJDJ FRISCO PROPERTY LP DBA THE BAYS – GOLF LAB & SUITES, TAYLOR MADE GOLF COMPANY, INC., MEZAS CAPITAL GROUP, LLC, BUSH ARCHITECTS LLC, TEXAS SPARKS CONSTRUCTIONS LLC, and CLAYMOORE ENGINEERING INC. and respectfully requests the Court grant:

A. An entry of judgment holding that Defendants have infringed and is infringing the '224 Patent;

B. For an accounting and an award of damages sufficient to compensate Sorrentino for the infringement in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C. A determination that Defendants' infringement has been willful, wanton, and deliberate, and that the damages against them be increased up to treble on this basis or for any other basis in accordance with the law;

D. A finding that this case is an exceptional case under 35 U.S.C. § 284 and an award to Sorrentino of his costs and reasonable attorneys' fees as provided by 35 U.S.C. § 285;

E. An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '224 Patent;

F. Enter a preliminary injunction enjoining Defendants from practicing and using the '224 Patent in building The Bays Hotel;

G. Enter a permanent injunction enjoining Defendants from committing patent infringement; and

H. That Sorrentino is entitled to such other and further relief as to the Court appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: April 24, 2025                            Respectfully submitted,

**SRIPLAW, P.A.**

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
joel.rothman@sriplaw.com
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

SANGHEON HAN
sangheon.han@sriplaw.com
Texas Bar Number: 24142306
4900 Travis Street
Suite 212
Houston, TX 77002
281.417.0850 – Telephone

JOSEPH A. DUNNE
joseph.dunne@sriplaw.com
(*pro hac vice* admission forthcoming)

41 Madison Avenue
25th Floor
New York, New York 10010
929.200.8446 – Telephone

*Counsel for Plaintiff Claudio Vicenzo Sorrentino*

**SRIPLAW**

CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK